WILLIAM P. CLANCY *vs.* FRANK W. COY.

WASHINGTON—MARCH 7, 1904.

PRESENT: Stiness, C. J., Tillinghast and Douglas, JJ.

(1)   *Equity Pleading.   Dedication.*

An allegation in a bill in equity that the land in question was dedicated for highway purposes and since such time has been so used states a conclusion of law without setting out the facts upon which it is predicated.

To constitute good pleading the bill should allege facts to show whether it was a common-law or statutory dedication, and an acceptance either by the public or by the town council respectively.

BILL IN EQUITY.   Heard on demurrer to bill, and demurrer sustained.

TILLINGHAST, J.   We think the demurrer to the bill must be sustained.

(1)   The mere allegation that the heirs of Rowse Babcock dedicated to and for highway purposes the strip of land described in the bill belonging to them, on the 16th day of April, 1887, and that ever since that .time said strip of land has been used and occupied for highway purposes, and for no other, is insufficient to state a case showing the existence of a public highway over said land, in that, as to the dedication, it merely states a conclusion of law without setting out the facts upon which it is predicated.

In order to constitute good pleading the bill should allege when, how, and in what manner said strip of land was dedicated to highway purposes, so that the court can decide whether the facts show a dedication in law, and also to enable the respondent to intelligently make answer to the allegations and prepare his defence to the bill, if any he has.

The bill as framed does not show whether the dedication was a common-law dedication or a dedication under the statute. And the rule is quite different in the two classes of cases. *Goelet* v. *Aldermen*, 14 R. I. 298–9.   If it was a common-law dedication, either express or implied, then those facts should be stated which constitute such a dedication; and if it was a statutory dedication, those facts should be stated which would show it to be such under the statute.

Again, the bill not only fails to show a dedication of the land to highway purposes, but it also fails to show an acceptance of the land for such purposes, either by the public or by the town council of the town wherein the land is situated.   It merely alleges that said strip of land has been used and occupied for highway purposes, but does not allege that it has been

so used and occupied by the *public*. In order to make it a public highway, there must not only have been a dedication of the land to the public use, but also an acceptance thereof by the *public* (*Union Co.* v. *Peckham*, 16 R. I. 65), or by the town council under the statute.

The rule in regard to what is necessary in order to constitute a highway by dedication at common law is well stated by Greene, C. J., in *Hughes* v. *Providence & Worcester R. R. Co.*, 2 R. I. 493, as follows: "To make a highway by dedication there must be the assent of the owners of the land to its appropriation for a public highway, and its use by the public for such purpose, and for such a length of time that the public accommodation and private rights might be materially affected by an interruption of the enjoyment." And, it being necessary to prove these essentials, the bill should contain such allegations as will enable the plaintiff to properly offer such proof.

In connection with what we have said regarding the facts which are necessary to show a dedication at common law, it is pertinent to observe that it seems at least doubtful whether, from the bill taken as a whole, the only purpose for which the owners of the land in question allowed it to be used as a highway was simply for their own convenience while they were the owners of the land and also of adjoining land, and not for the use of the general public. And this view would seem to be strengthened by the eighth paragraph of the bill, which alleges that the heirs of Rowse Babcock, on the —— day of November, 1902, conveyed said strip of land to this respondent by a quitclaim deed.

Still further, the natural inference from the ninth paragraph of the bill is that the only manner in which said strip of land has been used for highway purposes since the date of the deed to complainant referred to in the second paragraph of the bill, has been such use as the complainant, his tenants and servants, and those having occasion to go to his house on business or otherwise, have made thereof. And if this be so, of course there has been no such acceptance on the part of the public, since the complainant purchased his land, at any rate, as is

necessary in order to create a public highway at common law.

Demurrer sustained.

*John W. Sweeney*, for complainant.

*A. B. Crafts*, for respondent.